hMAX N. TOBIAS, JR., Judge.
By written contract of lease dated 5 March 2001, KENDA, Ltd. leased the premises at “3887 Ulloa Street, First Floor Annex, Suite 100, 1,316 usable square feet, New Orleans, LA 70119,” to “Colorado Environmental Labor Brokers, Inc., d/b/a Colorado Environmental Training Institute.” [1] The lease provided that the appellant would pay rent of $1,248.46 per month due on the first day of each month. The premises in question were subsequently transferred to 3839 Ulloa Street, L.L.C. by *54 KENDA, Ltd.[2] The appellant failed to pay the rent for the month |2that commenced on 1 December 2002, and the appellee initiated eviction proceedings on 18 December 2002. The appellant was cited to show cause on 6 January 2003 why it should not be evicted from the premises. At the trial of the rule held on 6 January 2003, Jose Buezo appeared on behalf of the appellant. He admitted that the appellant had not timely paid the December 2002 rent at the time the rule for possession was filed. Mr. Buezo stated that the appellant had subsequently sent the appellee a check for the rent on 23 December 2002, but the appellee declined to accept the payment. Mr. Buezo argued at the hearing that the appellant had been late with its rent payments because the appellee had failed to make repairs that had been requested. The trial court rendered judgment in the appellee’s favor and ordered the appellant to vacate the premises.
On appeal, the appellant contends that the trial court refused to allow it to introduce evidence in support of its claims that (1) the appellee did not properly notify them of the eviction in accordance with the lease agreement; (2) the appellee refused to accept the December 2002 rental payment; (3) the appellee agreed that the appellant could withhold $86.97 from the November 2002 rental payment; and (4) the appellee failed to maintain and repair the rental property after being notified by the appellant of the need for repairs. The appellant’s sole argument in its in globo discussion of these four assignments of error is directed at having the trial court’s judgment vacated and the matter remanded to allow the appellant to introduce evidence concerning these claims. The record before us fails to demonstrate that the appellant attempted to introduce evidence on these four matters at the 6 January 2003 hearing and was not permitted to do so.
In Duncan v. State, Dept. of Transp. and Dev., 615 So.2d 305, 312 (La.1993), the Louisiana Supreme Court stated that “although a case may be remanded for introduction of additional evidence, this power must be exercised sparingly, limited to cases wherein the evidence was unobtainable with due diligence for the first trial and the record reflects that the new evidence is likely to affect the outcome of the case.” In the case at bar, no indication is present that the alleged evidence that the appellant seeks to introduce on a remand was unobtainable prior to the hearing on 6 January 2003. In fact, the appellant does not state what evidence it is that it would introduce at a new hearing. The appellant acknowledged that counsel represented it at the time of the hearing of the rule on 6 January 2003, but its counsel did not believe it was necessary for him to appear at the hearing. The trial transcript reveals that the trial court permitted the appellant to introduce evidence of the various disputes with the appellee, including the late *55 rental payment and the repairs to the rental property. The record before us does not demonstrate that the evidence was introduced.
The appellate record indicates that the lease agreement provided for a monthly rental of $1,248.46 due on the first of each month. The appellant acknowledged that it did not timely make its December 2002 rental payment and had not paid the rent at the time the rule for eviction was filed on 18 December 2002. The appellant’s failure to pay the December 2002 rent was sufficient cause to grant judgment for the appellee on the rule for possession and order the appellant to vacate the premises. Based upon the record before us, we find no error in the ruling of the trial court considering the evidence that the trial court heard on 6 January 2003.
^Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

. We note from a review of the Louisiana public records, but not in the record on appeal, that the correct name for Colorado Environmental Labor Brokers, Inc. is Colorado Environmental Labor Brokers Services, Inc. and that another corporation, Colorado Environmental Training Institute, Inc., exists. The record before us does not reflect whether or not at the time of the execution of the contract of lease that Colorado Environmental Labor Brokers Services, Inc. was doing business as Colorado Environmental Training Institute. We assume that Colorado Environmental Labor Brokers, Inc. is Colorado Environmental Labor Brokers Services, Inc. Hereinafter, Colorado Environmental Labor Brokers Services, Inc. will be referred to as "appellant.”
Further, the public records, but not the record on appeal, reflect that Vinicio Buezo is a director of both corporate entities and that he is the registered agent of Colorado Environmental Labor Brokers Services, Inc. Jose Buezo, Jr. is a director of both corporations and the registered agent for Colorado Environmental Training Institute, Inc. We note that the caption of this case misspells Mr. Buezo's first name.

. The record before us contains no specific evidence that KENDA, Ltd. transferred the premises to 3839 Ulloa Street, L.L.C. The eviction proceedings in this case were commenced by "3839 Ulloa, Inc.” and the rule for possession was signed by James S. Hotard, Jr. without any indication as to his capacity on behalf of the entity. The public records indicate no corporation by the name of "3839 Ulloa, Inc.”; however, the public records reflect a limited liability company by the name of 3839 Ulloa Street, L.L.C. of which James S. Hotard, Jr. was the organizer, is a member, and is the registered agent. Mr. Hotard is presumed to be the agent for the owner of the leased premises, and the appellant does not assert a lack of capacity of Mr. Hotard to act for the owner of the premises. We assume that 3839 Ulloa Street, L.L.C. is doing business as "3839 Ulloa, Inc.” and that they are one and the same. The appellant has not raised the issue of a right of action of the appellee to proceed in this cause by means of an exception of no right of action.